IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES ex rel. HEATHCOTE ) <br> HOLDINGS CORP., INC., an Illinois ) <br> Corporation, Relator, ) <br>   ) <br> Plaintiffs, ) <br>   ) <br> v. ) <br>   ) <br> L'OREAL USA, INC., ) <br>   ) <br> Defendant. ) | No. 11 C 1921 <br><br> Judge Joan H. Lefkow |

## OPINION AND ORDER

This *qui tam* action, filed by Heathcote Holdings Corp., Inc. ("Heathcote") against L'Oreal USA Inc. ("L'Oreal"), charges L'Oreal with false patent marking under 35 U.S.C. § 292.[1] Heathcote alleges that L'Oreal has falsely marked the packaging of various hair dye products with expired patents. L'Oreal has moved to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, to transfer venue to the Southern District of New York pursuant to 28 U.S.C. § 1404(a). For the reasons stated below, the motion to transfer venue [#27] is granted.[2]

## BACKGROUND

Heathcote is an Illinois corporation with its principal place of business in Evanston, Illinois.[3] L'Oreal is a cosmetics and beauty company that sells its products, including hair dyes, throughout the United States, including in this district. It is a Delaware corporation with its headquarters in New York, New York. L'Oreal also has a location in Clark, New Jersey, approximately 20 miles away from its headquarters, where the products at issue were developed

---

[1] The court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).
[2] Because the court determines that this case should be transferred to the Southern District of New York, it will leave L'Oreal's motion to dismiss to be decided by that court.
[3] Heathcote is a corporation formed by an Illinois patent lawyer for the purpose of enforcing patent laws. *See United States ex rel. Heathcote Holdings Corp.* v. *Maybelline LLC*, No. 10 C 2544, 2011 WL 941350, at *1 n.2 (N.D. Ill. Mar. 15, 2011).

and are manufactured. The majority of L'Oreal's employees are located in the New York metropolitan area, with about 1,000 employees in its New York headquarters and 3,500 in nearby Clark, New Jersey. Decisions relating to advertising, marketing, and packaging of L'Oreal's products, including the patent numbers placed on packages, are made in New York. L'Oreal does have a presence in Illinois, where it runs the L'Oreal Institute for Ethnic Hair and Skin Research, a research laboratory. The products involved in the present lawsuit were not researched or developed at this facility. No patent applications are prepared in Illinois nor are packaging decisions made in this district.

Aside from the present case, at least four other false marking lawsuits have been brought against L'Oreal and related companies in the last two years. San Francisco Technology, Inc. brought a false marking action against Maybelline LLC[4] in the Northern District of California for false marking of its mascara products. That case was transferred to the Southern District of New York. *San Francisco Tech., Inc.* v. *The Glad Prods. Co.*, No. 10-CV-00966 JF (PVT), 2010 WL 2943537 (N.D. Cal. July 26, 2010). Another case, *Rook* v. *L'Oreal USA*, *Inc.*, was filed in the Southern District of Illinois alleging false marking of L'Oreal's hair dye products and then also transferred to the Southern District of New York. 3:10-cv-00403-MJR-DGW, dkt. no. 30 (S.D. Ill. Mar. 10, 2011). Two cases have been filed in this district alleging false marking of mascara products, both of which have been transferred to the Southern District of New York. *U.S. ex rel. Heathcote Holdings Corp., Inc.* v. *Maybelline LLC*, 2011 WL 941350 (N.D. Ill. Mar. 15, 2011); *Simonian* v. *Maybelline LLC*, No. 10 C 1615, 2011 WL 814988 (N.D. Ill. Mar. 1, 2011).[5]

---

4 Maybelline LLC is a wholly owned subsidiary of L'Oreal. *Id.* at *1.
5 After *Simonian* v. *Maybelline* was transferred to the Southern District of New York, the parties agreed to a dismissal of the case with prejudice.

## ANALYSIS

Heathcote's motion to transfer venue is governed by 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." As a practical matter, "[t]he moving party must show that (1) venue is proper in this district; (2) venue [and jurisdiction are] proper in the transferee district; (3) the transferee district is more convenient for both the parties and witnesses; and (4) transfer would serve the interest of justice." *Gueorguiev* v. *Max Rave, LLC*, 526 F. Supp. 2d 853, 856 (N.D. Ill. 2007) (citing *Bryant* v. *ITT Corp.*, 48 F. Supp. 2d 829, 832 (N.D. Ill. 1999)). The moving party bears the burden of demonstrating that transfer is "clearly more convenient." *Heller Fin. Inc.* v. *Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989) (quoting *Coffey* v. *Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986)). Since the weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, the decision to transfer is committed to the sound discretion of the trial court. *Coffey*, 796 F.2d at 219; *see also Van Dusen* v. *Barrack*, 376 U.S. 612, 622, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964) (noting that the remedial purpose of § 1404(a) requires "individualized, case-by-case consideration of convenience and fairness"). Each factor should be given the appropriate weight under the circumstances of the case. *Gueorguiev*, 526 F. Supp. 2d at 857.

The parties do not dispute that venue is proper in this district and the Southern District of New York. Instead, the parties dispute whether transfer is warranted for the convenience of the parties and witnesses and whether transfer serves the interest of justice.

## I. Convenience of the Parties and Witnesses

Factors the court considers and weighs in evaluating the convenience of the parties and witnesses include (1) the plaintiff's choice of forum, (2) the situs of material events, (3) the relative ease of access to sources of proof, (4) the convenience of the witnesses, and (5) the convenience of the parties in litigating in the respective forums. *See, e.g.*, *Brandon Apparel Group, Inc.* v. *Quitman Mfg. Co.*, 42 F. Supp. 2d 821, 833 (N.D. Ill. 1999) (citations omitted).

### A. Plaintiff's Choice of Forum and the Situs of Material Events

Under § 1404(a), a plaintiff's choice of forum is generally entitled to substantial deference, particularly where the chosen forum is the plaintiff's home forum. *Id.*; *see also United Airlines, Inc.* v. *Mesa Airlines, Inc.*, 8 F. Supp. 2d 796, 798 (N.D. Ill. 1998) (unless the balance weighs strongly in favor of transfer, plaintiff's choice should not be disturbed). The plaintiff's choice is not absolute, however. *Bryant*, 48 F. Supp. 2d at 832–33. In *qui tam* actions where the United States is the real party in interest, it is entitled to less weight. *Heathcote*, 2011 WL 941350, at *6; *see also Zojo Solutions, Inc.* v. *Leviton Mfg. Co.*, No. 10 C 881, 2010 WL 4257546, at *1 (N.D. Ill. Oct. 20, 2010); *San Francisco Tech., Inc.*, 2010 WL 2943537, at *7 (collecting cases). Thus, this factor weighs only slightly against transfer.

Further, the deference paid to the plaintiff's choice of forum is weakened when it does not have a significant relationship to the material events involved in the litigation. *Simonian* v. *Hunter Fan Co.*, No. 10 C 1212, 2010 WL 3975564, at *2 (N.D. Ill. Oct. 7, 2010). Beyond the fact that the hair dye products are sold in this district, the material events relevant to this lawsuit took place in the New York metropolitan area. Heathcote does not dispute that the packaging is designed in New York, that the decisions related to which markings to place on packaging are made in New York, and that the employees with knowledge of the issues that will arise in this

4

litigation are located in and around New York. While the sale of falsely marked products is one part of a claim for false marking, liability hinges instead on "evidence regarding [defendant's] decision to 'mark upon[ ], or affix[ ] to, or use[ ] in advertising in connection with any unpatented article the word patent or any word or number importing the same is patented, for the purpose of deceiving the public,'" *Id.* (alterations in original) (quoting 35 U.S.C. § 292(a)). These decisions were made in New York, making it the situs of material events. *See also Simonian* v. *Monster Cable Prods., Inc.*, No. 10 C 1269, 2010 WL 4822899, at *2 (situs of events is where defendant's headquarters are located).

Heathcote seeks to get around the clear predominance of events in New York by arguing that the public in this district was injured by the false marking. But any injury to the public occurred in every district in the United States and so the fact that the public here can be said to have suffered some injury does not affect the situs of material events. As New York, not Illinois, has a significant relationship to the events involved in the litigation, this factor weighs in favor of transfer.

### B. Ease of Access to Sources of Proof

L'Oreal argues that transfer is justified in part because its documents are located in or near New York. This assertion will not be given great weight because documents are presumed to be easily transportable. *See Unomedical A/S* v. *Smiths Med. MD, Inc.*, No. 09-cv-4375, 2010 WL 2680144, at *2 (N.D. Ill. June 30, 2010); *Rabbit Tanaka Corp. USA* v. *Paradies Shops, Inc.*, 598 F. Supp. 2d 836, 840 (N.D. Ill. 2009) ("In this day and age, transferring documents from one district to another is commonplace and, given the widespread use of digital imaging in big-case litigation, no more costly than transferring them across town."). Heathcote maintains that documents relating to the sale and marketing of the hair dye products are located in this district,

5

a claim L'Oreal disputes.  While there is a slight possibility that some relevant documents are located in this district, the bulk of the documents that will be relevant to the false marking claims are located outside this district.  *Simonian* v. *Maybelline LLC*, 2011 WL 814988, at *7 ("In fact, the very nature of *qui tam* actions, which are filed on behalf of an individual and the interests of the United States, make it unlikely that [plaintiff] will personally have significant 'evidence in his possession.'").  Taking these facts into consideration, this factor weighs slightly in favor of transfer.

### C. Convenience of the Witnesses

"The convenience of the witnesses is often viewed as the most important factor in the transfer balance."  *Brandon Apparel,* 42 F. Supp. 2d at 834 (quoting *Rose* v. *Franchetti*, 713 F. Supp. 1203, 1214 (N.D. Ill. 1989)).  In evaluating this factor, the court considers the number of witnesses located in each forum and the nature, quality, and importance of their testimony.  *See Rohde* v. *Cent. R.R. of Ind.,* 951 F. Supp. 746, 748 (N.D. Ill. 1997) ("[T]he Court considers not only the number of witnesses located in each forum but also the nature and importance of their testimony.  [The movant] bears the burden of establishing who [the] witnesses are, what their testimony will be, and how vital that testimony will be to the case." (citations omitted) (internal quotation marks omitted)).  The determination of venue should not depend on which party submits a longer witness list.  *Brandon Apparel,* 42 F. Supp. 2d at 834.

L'Oreal claims that the relevant witnesses will be its employees located in and around New York.  These witnesses are presumed to be under L'Oreal's control and transfer is not necessary for their convenience.  *See, e.g.*, *Bullard* v. *Burlington N. Santa Fe Ry. Co.*, 2008 WL 4104355, at *4 (N.D. Ill. Aug. 28, 2008) ("Courts are less concerned about the burden that appearing at trial might impose on witnesses who are either employees of parties or paid experts;

it is presumed that such witnesses will appear voluntarily."). L'Oreal alludes to potential third party witnesses being located in or near New York but does not identify them or their relevance. Heathcote similarly alludes to Illinois being a more convenient forum for its witnesses without identifying who these witnesses will be. Without more, it is hard for the court to determine which forum is more convenient for potential witnesses. Nonetheless, as the nature of the action places the focus on L'Oreal's decisionmaking and deceptive intent, it is far more likely that L'Oreal's potential witnesses, located in or near New York, will be more relevant than Heathcote's. *See Simonian* v. *Maybelline LLC*, 2011 WL 814988, at *7. Taking this into consideration, this factor weighs slightly in favor of transfer.

### D.  Convenience of the Parties

In evaluating the convenience of the parties, the court considers the parties' residences and their ability to bear the expense of litigating in each forum. *Brandon Apparel*, 42 F. Supp. 2d at 834. Heathcote is based in Illinois and argues that transfer would be a greater financial hardship to it than litigating in Illinois would be to L'Oreal. But Heathcote has not provided any information to substantiate this claim. "Heathcote makes no mention of any employees that would need to travel to New York, and, as noted, has no apparent business to attend to other than patent marking litigation." *Heathcote*, 2011 WL 941350, at *7. The fact that Heathcote has filed a substantial number of other false marking suits suggests that it is familiar with how to litigate these cases and that the additional cost of transfer will not be great. *See Hunter Fan Co.*, 2010 WL 3975564, at *4 & n.2. Although L'Oreal arguably has greater financial resources, the majority of relevant documents and witnesses are in New York. This factor weighs in favor of transfer.

**II.       Interest of Justice**

"The 'interest of justice' is a separate element of the transfer analysis that relates to the efficient administration of the court system." *Research Automation, Inc.* v. *Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010).  It "may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result." *Id.*   Factors considered in this analysis involve the likelihood of a speedy trial, the familiarity of judges in each forum with applicable law, the desirability of resolving controversies in their locale, the relationship of each community to the controversy, and the possibility of consolidation.  *Id.*; *Coffey*, 796 F.2d at 220.

As several other courts considering this very same issue have concluded, no substantial difference exists between the speed of proceedings in the two forums.  *See Heathcote*, 2011 WL 941350, at *7; *Simonian* v. *Maybelline LLC*, 2011 WL 814988, at *8.  The median number of months from filing to disposition in this district is 6.2 months, whereas in the Southern District of New York it is 8.1 months.  The median number of months between filing a civil action and going to trial in this district is 28.2 months, whereas in the Southern District of New York it is 33.6 months.  These averages are meaningless for the particular case, however, making this factor neutral.  *See Rabbit Tanaka*, 598 F. Supp. 2d at 841.  Further, as Heathcote's false marking claims derive from federal law, both districts are presumed to be equally familiar with the law.  *Simonian* v. *Maybelline LLC*, 2011 WL 814988, at *9.  As discussed above, this district's connection to the litigation is relatively weak, as the controversy hinges on L'Oreal's intent and the decisions involving marking were made at L'Oreal's headquarters in New York, not in Illinois.  The prospect of potential consolidation with other false marking suits pending against L'Oreal in the Southern District of New York also favors transfer.  *See Heathcote*, 2011

8

WL 941350, at *7; *Hunter Fan Co.*, 2010 WL 3975564, at *4–5.  While Heathcote argues that L'Oreal's convenience with respect other lawsuits is not relevant, this case involves four of the five expired patents that are also at issue in *Rook*.  "Given the strong overlap between these lawsuits, it would waste time, energy, and money to allow these two cases to proceed in different districts – the very problems sought to be prevented by § 1404(a)."  *Hunter Fan Co.*, 2010 WL 3975564, at *5.

Taking the foregoing factors into account, the convenience of the parties and witnesses and the interest of justice favor transfer to the Southern District of New York.

## CONCLUSION AND ORDER

For the foregoing reasons, L'Oreal's motion to transfer venue [#27] is granted.  The Clerk is directed to transfer the case to the Southern District of New York.


Dated: August 9, 2011                     Enter: _____

                                                JOAN HUMPHREY LEFKOW
                                                United States District Judge